J-S58031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES LYLE ISENHART | |
| Appellant | No. 359 WDA 2014 |

Appeal from the PCRA Order February 20, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001646-2006;
CP-25-CR-0001647-2006; CP-25-CR-0001649-2006

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED SEPTEMBER 19, 2014**

Appellant, James Lyle Isenhart, appeals *pro se* from the order entered in the Erie County Court of Common Pleas, which denied his second petition filed under the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  Appellant pled guilty to numerous counts of burglary and corruption of minors offenses at two docket numbers on August 14, 2006.  On October 2, 2006, the court sentenced Appellant to an aggregate 9-18 years' incarceration.  Appellant did not file post-sentence motions or a direct appeal.  On September 11, 2009, the court received from Appellant a *pro se* petition for appointment of counsel and *habeas corpus* relief, which the court treated as a first PCRA petition.  The court appointed counsel, who filed a "no-merit" letter and an application to withdraw as counsel, pursuant to

_____

*Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court ultimately dismissed the petition on November 16, 2009, after proper notice per Pa.R.Crim.P. 907. This Court affirmed on June 8, 2011. *See Commonwealth v. Isenhart*, 29 A.3d 846 (Pa.Super. 2011). On January 16, 2014, the court received from Appellant 3 *pro se* motions: a request to file post-sentence motions *nunc pro tunc*; a post-sentence motion; and a motion to modify sentence. The court treated Appellant's *pro se* motions as a second PCRA petition. Following proper notice under Rule 907, the PCRA court formally dismissed the petition on February 20, 2014. This *pro se* appeal followed.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, ___ U.S. ___, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). The amended PCRA, effective January 16, 1996, requires that a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Instantly, on January 16, 2014, the court received Appellant's second

PCRA petition, which was over 7 years after his judgment of sentence became final.[1]  Appellant's second petition neither alleges nor proves any cognizable exception to the PCRA timeliness requirements.  *See* 42 Pa.C.S.A. § 9545(b)(1).  Therefore, the court properly dismissed the current petition as untimely.  Accordingly, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/19/2014

---

[1] Appellant's judgment of sentence became final on or about November 1, 2006, upon expiration of the 30-day period in which to file a direct appeal. Further, Appellant is not entitled to the one-year grace period provided in the amended PCRA for first-time petitioners, because this petition is Appellant's second petition under the statute.